# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division



FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 12:55 pm, Oct 30, 2020

|  |  |
|---|---|
| PATRICIA KENNEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>R.V. CORP.,<br><br>    Defendant. | CV 2:19-092 |

### ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. Dkt. No. 21. In its response, Defendant agrees to entry of summary judgment. Dkt. Nos. 1, 24. On October 14, 2020, the Court held a virtual hearing. The hearing was attended by the parties and their counsel. Based on the Defendant's admission, and for the reasons set forth below, Plaintiff's motion is **GRANTED**.

### BACKGROUND

This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq. (the "ADA"), in which Plaintiff Patricia Kennedy is requesting that Defendant R.V. Corp. be ordered to bring its own website and the third-party booking sites it utilizes into compliance with the requirements of 28 C.F.R

§ 36.320(e)(1). That section imposes standards for reservation systems maintained or utilized by places of lodging, such as the Defendant's motel. The Court has original jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Georgia because the motel at issue is located in the Brunswick division of this district.

## DISCUSSION

In pertinent part, the Defendant's response to the Plaintiff's present motion reads:

1. Defendant does not contest Plaintiff's Motion for Summary Judgment.

2. Defendant agrees to entry of summary judgment in favor of Plaintiff as to the modifications to Defendant's website to address the alleged ADA violations, but asks that the Court reserve ruling on the issue of entitlement to attorney's fees.

3. Defendant agrees to remedy the alleged ADA violations underlying Plaintiff's ADA claim.

Therefore, the only remaining issue is entitlement to attorney's fees and costs and the amount thereof. Based on the record before it, the Court finds as follows:

1. Patricia Kennedy is unable to engage in the major life activity of walking more than a few steps without assistive

2

devices. She must use a wheelchair, cane or other support. In addition, she has only limited use of her hands and is unable to tightly grasp, pinch or twist her wrist to operate mechanisms. Ms. Kennedy is, therefore, an individual with a disability within the meaning of the ADA.

    2.    Defendant, R.V. Corp., owns and operates a motel known as the Western Motel. Hotels and motels are places of public accommodation. 42 U.S.C. § 12181(7)(A). Defendant is, therefore, required to comply with the ADA, which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
> 42 U.S.C.§ 12182(a).

"Discrimination" is defined, in part, as:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations . . . .

42 U.S.C. § 12182(b)(2)(A)(ii).

    3.    Defendant's motel is also a place of lodging within the meaning of 28 C.F.R. § 36.302(e)(1). That regulation provides:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1).

4. At all times material, the Defendant's own website, located at http://www.westernmoteljesup.us, and the third-party booking sites the Defendant utilizes contained online reservation systems. The third-party booking sites are located at:

4

https://www.booking.com/hotel/us/western-motel-jesup.html;

https://www.expedia.com/Hinesville-Hotels-Western-Motel.h6846775.Hotel-Information;

https://www.hotels.com/ho443624/western-motel-jesup-united-states-of-america; and

https://www.agoda.com/western-motel-jesup/hotel/jesup-ga-us.html?cid=-218.

    5.   Prior to filing this lawsuit, Plaintiff repeatedly accessed each of the third-party booking sites for the purpose of assessing the accessibility features of the property and to ascertain whether those sites met her accessibility needs as well as the requirements of 28 C.F.R. § 36.302(e)(1). Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in § 36.302(e).

    6.   The motel's own website located at http://www.westernmoteljesup.us had no reference to any accessible rooms and no option to book an accessible room. No information was given as to whether or where the motel offers compliant/accessible roll-in showers, tubs, built-in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, and controls and operating mechanisms. The website does

5

not contain any information as to whether all goods, facilities, and services at the property are connected by a compliant accessible route, nor does the website contain any information as to the accessibility of routes connecting all the features of the motel, the transaction counter, parking, and common area restrooms. The website does not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route. The motel's website and third-party booking sites show that the motel claims to have free self-parking and vending machines. There is no information as to whether any or all of these motel features are accessible. The website did not identify its accessible guest rooms, or other accessible features of the property, such as accessible lobby restrooms, pool lifts, or other accessible features in its guest amenities, and did not provide any information to its accessible guest rooms, including but not limited to commodes, sinks, grab bars, bathing and restroom features, controls and operating mechanisms, maneuverability, and other features required to be accessible.

    7. The third-party booking site located at https://www.booking.com/hotel/us/western-motel-jesup.html had no option to book an accessible room. No information was given about accessibility in the motel.

8. The third-party booking site located at https://www.expedia.com/Hinesville-Hotels-Western-Motel.h6846775.Hotel-Information had no option to book an accessible room. No information was given about accessibility in the motel other than the statements "accessible bathroom" and "in-room accessibility."

9. The third-party booking site located at http://www.hotels.com/ho443624/western-motel-jesup-united-states-of-america had no option to book an accessible room. No information was given about accessibility in the motel other than the statements "accessible bathroom" and "in-room accessibility."

10. The third-party booking site located at: https://www.agoda.com/western-motel-jesup/hotel/jesup-ga-us.html?cid=-218 had no option to book an accessible room. No information was given about accessibility in the motel other than the statements "accessible bathroom" and "in-room accessibility."

11. After Plaintiff filed this lawsuit, she returned to each of the booking sites on numerous occasions. She encountered the same issues on each occasion. Plaintiff intends to return to the booking sites in the near future. The record contains no evidence that Defendant has made any alterations to the booking sites. Thus, there appears to be a 100 percent likelihood that Plaintiff will

7

suffer the alleged injury again when she returns. See Houston v. Marod, 733 F.3d 1323, 1337 (11th Cir. 2013).

12. Based on the record as a whole, including the Plaintiff's affidavit and the Defendant's response to the present motion, Plaintiff has demonstrated that she is entitled to injunctive relief under the ADA.

13. The Court has discretion to award the Plaintiff, as the prevailing party, reasonable attorney's fees, costs, expert fees, and litigation expenses pursuant to 42 U.S.C. § 12205. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001); Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., 385 F.Supp. 2d 1272 (2005).

## CONCLUSION

Accordingly, the Court **ORDERS** the following:

1. Plaintiff's Motion for Summary Judgment is **GRANTED**. Summary judgment is entered in favor of Plaintiff Patricia Kennedy and against Defendant R.V. Corp.

2. Defendant is **ORDERED** to comply with all sections of the ADA and the ADA Accessibility Guidelines, 28 C.F.R. § 36.101 et seq. Specifically, Defendant shall:

8

a) Revise its postings on its own website and all third-party booking sites it utilizes, including those previously mentioned, in order to comply with 28 C.F.R. § 36.302(a);

b) Implement a policy to monitor and maintain its postings on third-party booking sites so that those postings remain in compliance; and

c) Comply with all provisions of this Order within four (4) months from the date of entry of this Order.

The Court retains jurisdiction to determine whether the Plaintiff is entitled to recover reasonable attorney's fees, costs and litigation expenses, and, if so, the amount to which she is entitled.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 30th day of October, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA