# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

PATRICIA KENNEDY,

      Plaintiff,

      v.

R.V. CORP.,

      Defendant.

CV 2:19-092

## ORDER

Before the Court is the Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (the "Motion") filed by Plaintiff Patricia Kennedy ("Plaintiff"). Dkt. No. 34. For the reasons stated below, Plaintiff's Motion is **GRANTED with modification.**

## BACKGROUND

Plaintiff filed this suit for injunctive relief under the Americans with Disabilities Act ("ADA") on August 1, 2019, naming Western Motel, Inc. as Defendant. Dkt. No. 1. On November 8, 2019, Plaintiff amended her complaint to name the current Defendant, R.V. Corp. ("Defendant"), instead. Dkt. No. 7 (the "Amended Complaint"). Plaintiff is a disabled Florida resident who is primarily bound to ambulate in a wheelchair. Id. ¶ 1. Plaintiff is "an advocate of the rights of similarly situated

disabled persons and is a 'tester'" plaintiff; she frequently files suit against the owners of places of public accommodation for failure to comply with the ADA. Id. ¶ 2. Defendant is one such owner; Defendant owns the Western Motel in Jesup, Georgia, which is located in Wayne County. Id. ¶ 3. In her Amended Complaint, Plaintiff sought a declaratory judgment that Defendant was in violation of Title III of the ADA and 28 C.F.R. § 36.302(e); injunctive relief against Defendant ordering it to revise its website and implement a policy to ensure continued compliance with these regulations; and attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 12205. Id. at 9.

On December 27, 2019, Plaintiff proposed three settlement options to Defendant: (1) an agreement wherein Defendant pays Plaintiff $10,000; (2) a different agreement wherein Defendant pays Plaintiff $6,500; and (3) an agreement allowing the court to determine the amount of attorney fees, costs, and litigation expenses. Dkt. No. 36-1 at 2; Dkt. No. 37-1 at 2. It is unclear whether Defendant responded directly to these propositions, but Defendant now asserts that it "had no financial basis from which to negotiate a settlement . . . and no record to suggest what . . . this Court might award in attorneys fees," and so Defendant "proceeded to litigate." Dkt. No. 36 at 3. Defendant filed an answer admitting all of the Amended Complaint's material

allegations on January 10, 2020, while also asserting seven affirmative defenses. Dkt. No. 14. One such defense was Defendant's assertion that "once the corrections [to Defendant's website] are complete, the case will be rendered moot and Plaintiff would not be entitled to relief." Id. at 3-4.

On January 30, 2020, Plaintiff emailed Defendant with a draft proposed scheduling order, to which Defendant responded on February 3 by attaching this Court's Rule 26(f) report form—apparently because Plaintiff used the incorrect format for his draft per the local rules. Dkt. No. 36-3 at 2. Defendant also told Plaintiff in this email that Defendant "respectfully disagree[d] that any discovery is needed in this case," maintaining that because Defendant admitted to non-compliance, "the only issue for consideration is whether and what amount of attorney's fees should be awarded." Id. On February 5, 2020, Plaintiff emailed Defendant to inquire whether Defendant was willing to withdraw the affirmative defenses "or agree to entry of summary judgment . . . thus saving everyone time and expense." Dkt. No. 36-4 at 2. Plaintiff again proposed the three settlement options to Defendant within that email. Id. It is unclear whether Defendant responded to the February 5 email.

On March 26, 2020, the Magistrate Judge issued an order to show cause why the action should not be dismissed for the parties'

failure to submit a timely Rule 26(f) report.  Dkt. No. 15.  The
parties then filed a Rule 26(f) report on April 10, 2020.  The
Magistrate Judge held a telephonic conference about a discovery
dispute on June 26, 2020, during which the Court encouraged the
parties to continue communicating about the disputed issues and to
inform the Court if they intended to seek Court-assisted mediation.
Dkt. No. 20.  It seems Defendant intended to notify the Court of
its intention to seek mediation, but the parties did not end up
scheduling a mediation.  Id.; Dkt. No. 36-10 at 2-3.

Plaintiff filed a Motion for Summary Judgment on July 8, 2020,
which Defendant did not contest.  Dkt. Nos. 21, 24.  After a
hearing, the Court granted Plaintiff's Motion for Summary Judgment
and entered judgment against Defendant.  Dkt. Nos. 31, 32, 33.  In
its Order granting summary judgment, the Court ordered Defendant
to comply with all sections of the ADA and the ADA Accessibility
Guidelines, including revising its websites and implementing a
policy to maintain compliance.  Dkt. No. 32 at 8-9.  Plaintiff
filed the subject Motion for Attorney Fees on November 6, 2020, in
which Plaintiff seeks a total of $16,813.00 in fees, costs, and
expenses.  Dkt. No. 34 at 14.  Defendant filed a response on
November 20, 2020, objecting to both Plaintiff's rate and hours.
Dkt. No. 35.  The Motion has been fully briefed and is now ripe
for review.

4

## DISCUSSION

Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. § 12181 *et seq*. Dkt. No. 34 at 1. The relevant section of the ADA provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

Id. § 12205. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). The starting point in any "reasonable fee" determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. Id. There is a "strong presumption" that the resulting figure, known as the "lodestar," is the reasonable sum the attorneys deserve. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). For courts to carry out their duties in this area, "objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." Am. Civ. Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). Thus, generalized statements that the time spent was unreasonable or unnecessary are

5

"not particularly helpful and not entitled to much weight." Norman
v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).
Accordingly, a fee opponent's failure to explain exactly which
hours it views as unnecessary or duplicative is generally viewed
as fatal. Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387,
1389 (11th Cir. 1997).

Defendant does not dispute that Plaintiff is a "prevailing
party" for the purposes of section 12205. See Dkt. No. 36.
Defendant does argue, however, that Plaintiff's requested 38.6
hours are unreasonable and that the rate of $400/hour is
unreasonable. Id. The Court will address these issues one at a
time, starting with Plaintiff's counsel's hourly rate.

I.   Reasonable Hourly Rate

Plaintiff requests an hourly rate of $400 for the work of
attorney Philip Michael Cullen, III ("Mr. Cullen") in this case.
Dkt. No. 34-2 at 8.[1]  Plaintiff argues this rate is reasonable
considering the factors set out in Hensley, namely:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions; (3) the skill requisite to
> perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the
> case; (5) the customary fee; (6) whether the fee is fixed
> or contingent; (7) time limitations imposed by the
> client or the circumstances; (8) the amount involved and

---

[1] Although Plaintiff references a requested hourly rate of $420 at some points
in his Motion, it seems that these figures are typos and that Plaintiff, in
fact, requests a rate of $400 per hour. Compare Dkt. No. 34 at 10, 12; with
id. at 14 and Dkt. No. 34-2 at 8.

6

the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

461 U.S. at 430 n.3 (citing <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)).   In particular, Plaintiff argues that Mr. Cullen's experience, reputation, and ability justify the requested rate; he has been in practice since the 1970s and "has been counsel of record in literally hundreds of Title III [ADA] cases throughout Florida, Georgia, and Puerto Rico."   Dkt. No. 34 at 6.   Plaintiff further argues that the novelty and difficulty of the issues in ADA actions justifies a higher rate; negative publicity and attitudes toward Title III actions preclude Mr. Cullen from other employment; and fees in similar cases support the requested fee.   <u>Id.</u> at 7, 8, 10-11.

Defendant responds by arguing that Plaintiff "has offered no evidence of what attorneys practicing in the Southern District of Georgia make."   Dkt. No. 36 at 5.   Defendant points out that Defendant's counsel charges only $250 per hour, and it requests that the Court find a reasonable hourly rate for Mr. Cullen "in this jurisdiction is $300."   <u>Id.</u> at 5-6.

Defendant is correct in "that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"

Barnes, 168 F.3d at 437 (quoting Cullens v. Ga. Dep't of
Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)). "The applicant
bears the burden of producing satisfactory evidence that the
requested rate is in line with prevailing market rates." Norman,
836 F.2d at 1300. Further, "[i]f a fee applicant desires to
recover the non-local rates of an attorney who is not from the
place in which the case was filed, he must show a lack of attorneys
practicing in that place who are willing and able to handle his
claims." Barnes, 168 F.3d at 437.

In support of Mr. Cullen's fee application, Plaintiff cites
several Florida district court cases awarding him and attorneys
with similar experience between $350 and $420 per hour. See Dkt.
No. 34 at 10 (citing, e.g., Houston v. S. Bay Invs., No. 9:13-cv-
80193, ECF No. 12 (S.D. Fla. July 25, 2013) (awarding Mr. Cullen
$420/hour); Kennedy v. Litowitz Grp., No. 19-cv-61574, ECF No. 47
(S.D. Fla. Dec. 13, 2019) (same), report and recommendation
adopted, ECF No. 48 (Jan. 6, 2020); Access for the Disabled v.
EDZ, Inc., No. 8:12-cv-02186, ECF No. 85 (M.D. Fla. Nov. 25, 2014)
(same)). Plaintiff points out that this Court determined $400 per
hour was a reasonable fee for Mr. Cullen in another one of
Plaintiff's ADA cases, Kennedy v. NILA Investments, No. 2:19-cv-
90, 2020 WL 3578362, at *3 (S.D. Ga. July 1, 2020). Plaintiff
also provides several exhibits showing hourly rates between $400

and $450 charged by Florida defendants' attorneys.  Dkt. Nos. 34-3, 34-5, 34-6.

Detrimental to Plaintiff's request for an hourly rate of $400 is that Plaintiff provides *no* evidence of "the prevailing market rate *in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience, and reputation."  See <u>Norman</u>, 836 F.2d at 1300 (emphasis added). Although this Court *did* award Mr. Cullen an hourly rate of $400 in <u>NILA Investments</u>, the defendant in that case never made an appearance and so did not contest the fee amount.  See 2020 WL 3578362; <u>Moore v. Appliance Direct, Inc.</u>, No. 608-CV-317-ORL-19DAB, 2009 WL 909271, at *2 (M.D. Fla. Apr. 1, 2009) (stating that the award of attorney's fees in a prior default judgment had limited persuasiveness "because [in this case,] Defendants vigorously contest Plaintiffs' motion").  Here, Defendant *does* contest Plaintiff's requested rate, and the Court agrees that Plaintiff's rate must be reduced because Plaintiff "has not met her burden to demonstrate that $[400] is a reasonable hourly rate for counsel."  See <u>Kennedy v. Radio Rd. Plaza Invs., LLC</u>, No. 2:15-CV-630-FTM-29CM, 2017 WL 88944, at *2 (M.D. Fla. Jan. 10, 2017) (reducing an ADA plaintiff's attorney's rate from $420 to $300 per hour).  Because Plaintiff has not met her burden in this respect, and based on the Court's own knowledge and expertise and

9

consideration of the Hensley factors, the Court finds that $350 per hour is a reasonable hourly rate for Plaintiff's counsel, Mr. Cullen, in the Southern District of Georgia. See Kennedy v. Sun Coast Motels, Inc., No. 8:18-CV-1688-T-30CPT, 2018 WL 6724759 (M.D. Fla. Dec. 21, 2018) ("ADA litigation of this type 'is not complex litigation'" and is instead "essentially a form practice" for which "no special skill is required." (quoting Larkin v. Envoy Orlando Holdings LLC, No. 6:15-cv-439-Orl-31GJK, 2015 WL 12857079, at *2 (M.D. Fla. Dec. 21, 2015))); Norman, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

Plaintiff also seeks an hourly rate of $115 for an unnamed paralegal. Dkt. No. 34-2 at 8.  While Defendant does not argue that this rate is unreasonable, Plaintiff neither identifies this paralegal nor provides any authority for a rate of $115 per hour, save a case from the Southern District of Florida. See Dkt. No. 34 at 12 (citing Golf Clubs Away, LLC v. Hostway Corp., No. 11-cv-62326, ECF No. 29 (S.D. Fla. July 13, 2012) (approving rate of $125 per hour for paralegal)). Regardless, though, none of the

paralegal's entries are appropriate for attorney's fees, as discussed below. See infra section II.b.

## II.   Reasonable Number of Hours Expended

Plaintiff's counsel, Mr. Cullen, requests fees associated with 38.6 hours of legal work. See Dkt. No. 34-2 at 8. Plaintiff contends that "[t]his time was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained." Dkt. No. 34 at 6. Defendant disagrees and launches several objections as to the number of hours Plaintiff claims to have expended on this litigation. See Dkt. No. 36 at 6-11. Defendant argues that many of the hours for which Plaintiff requests compensation are excessive, redundant, or otherwise unnecessary. Id. at 6. The Court will address each objection raised by Defendant, as well as each issue found independently by the Court while reviewing Plaintiff's fee application.

### a. Vague Entries

Defendant objects to two of Mr. Cullen's entries on October 21, 2019: 0.2 hours for "t/c w/ Mr. Bacon re: representation," and 0.3 hours for "Review of PACER docket." Dkt. No. 36 at 8-9; Dkt. No. 34-2 at 2. As to the "t/c w/ Mr. Bacon," which this Court assumes to be an abbreviation for a "teleconference with Mr. Bacon," Defendant argues that "[i]t is unclear what the nature of the conversation with Mr. Bacon [an attorney who frequently

11

practices with Mr. Cullen] concerned," and "even if it involved this case, a 12 minute conversation between two attorneys who routinely represent this client is not a reasonable fee." Dkt. No. 36 at 8-9. The Court disagrees with Defendant's objection and finds that "re: representation" is not as vague as Defendant argues; one can assume that this was a twelve-minute consultation with another ADA attorney about representation of Plaintiff in this matter, which is neither unnecessary nor an unreasonable amount of time. Fees for this time will therefore be allowed.

However, the Court agrees that 0.3 hours for "Review of PACER docket" should be reduced, not for vagueness, but instead because this is a clerical task for which Mr. Cullen may not be compensated. This is expounded further in the next section. See infra section II.b.

### b. Paralegal Work and Clerical Tasks

Defendant argues that several of Mr. Cullen's entries are clerical tasks which should be billed at a paralegal rate, including 0.3 hours for "Review of PACER docket," 0.2 hours for "Review of Ga. Property records to confirm ownership," 1.0 hours for "preparation of amended complaint," 0.1 hours for "E-mail to client re: same [the amended complaint]," 0.2 hours for "Preparation of 2nd summons," and 0.2 hours for "Preparation of spoliation letter." Dkt. No. 36 at 9-10; Dkt. No. 34-2 at 2-3.

Although Defendant is right to object to awarding attorney's fees for clerical tasks, clerical tasks may not be awarded to a prevailing party—even at a paralegal rate. "[P]aralegal time is recoverable as 'part of a prevailing party's award for attorney's fees and expenses, [but] *only to the extent that the paralegal performs work traditionally done by an attorney.*'" Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (quoting Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982)) (emphasis and second alteration in original), aff'd sub nom. Comm'r v. Jean, 496 U.S. 154 (1990). Thus, "neither an attorney nor a paralegal may recover attorney's fees for time spent on work that is secretarial or clerical in nature." Milie v. City of Savannah, No. 4:18-CV-117, 2020 WL 4041118, at *9 (S.D. Ga. July 16, 2020). Such secretarial or clerical tasks clearly include filing or mailing documents; organizing files; administrative phone calls; scheduling; and drafting form pleadings. See id.; B & F Sys., Inc. v. LeBlanc, No. 7:07-CV-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012), aff'd, 519 F. App'x 537 (11th Cir. 2013).

The Court finds Mr. Cullen's following entries to be clerical and therefore not compensable: 0.3 hours for "Review of PACER docket," 0.2 hours for "Review of Ga. Property records to confirm ownership," and 0.2 hours for "Preparation of N/summons." See Dkt. No. 34-2 at 2-8; see also Parks v. Bre/Sanibel Inn Owner LLC,

13

No. 2:20-CV-188FTM38NPM, 2021 WL 71602, at *4 (M.D. Fla. Jan. 8, 2021) (holding the following entries to be clerical and therefore not compensable: "Review of PACER," "Review of division of corporation's records," and "Review of county property appraiser's records"). This totals 0.7 hours which will be subtracted from Mr. Connell's compensable legal time.

Further, all of Plaintiff's paralegal entries are clerical and not compensable. See Dkt. No. 34-2 at 8 (requesting fees for "initial file setup," "file case via CM/ECF," "Collate, scan & file MSJ," and "collate, scan & file fees motion"); Milie, 2020 WL 4041118, at *9. None of the claimed 1.2 hours for the paralegal's work will be allowed in Plaintiff's attorney's fee award.

c. Review of Routine Documents and Docket Entries

Defendant argues that the total amount of time Mr. Cullen spent reviewing "routine documents" is unreasonable and accordingly requests a reduction of the time charged by 5/6ths. Dkt. No. 36 at 9-10. The Court finds the following entries fall within this category of reviewing routine documents and docket entries: 0.1 hours for "review of order approving appearance," 0.1 hours for "review of executed authorization," 0.1 hours for "Review of filed complaint," 0.1 hours for "Review of issued summons," 0.3 hours for "review of return of service & calculation of response time," 0.2 hours for "Review of D M/additional time," 0.1 hours

14

for "Review of order D M/additional time," 0.2 hours for "review of order to show cause," 0.1 hours for "review of N/hearing," 0.1 hours for "Review of interrogatory verification," 0.1 hours for "review of MSJ notice," 0.1 hours for "review of renotice of hearing," 0.2 hours for "review of D M/excuse," 0.1 hours for "review of order D M/excuse," 0.1 hours for "review of order granting MSJ," and 0.1 hours for "review of final judgment." See Dkt. No. 34-2 at 2-7.

Plaintiff's counsel bills in increments of 0.1 hours, which results in 2.1 hours total of reviewing these routine documents and docket entries. The Court finds this amount of time, cumulatively, to be excessive in light of the facts that these docket entries were just one or two lines long; many of the orders and notices were two or three sentences long or even simply text orders on the docket; and all of these matters are routine. The Court therefore reduces the time for these matters from 2.1 hours to 1 hour, subtracting 1.1 hours from Mr. Cullen's total compensable time. See Litowitz Grp., No. 19-cv-61574, ECF No. 47 at 7 (reducing Plaintiff's counsel's fees for review of minor docket entries from 3.2 hours to 1 hour) (citing Kennedy v. KSK Invs., LLC, No. 6:17-CV-640-ORL-37KRS, 2017 WL 6403072, at *3 (M.D. Fla. Nov. 24, 2017)).

### d. Preparation of Routine Documents

Defendant argues that several of Mr. Cullen's entries for reviewing or putting together documents that Mr. Cullen has used "hundreds of times," given "Plaintiff's litigious history," are unreasonable. Dkt. No. 36 at 9-10. Plaintiff responds by arguing that "[u]nder the Defendant's theory, attorneys who take the time and make the effort to become genuinely competent in a specialized area of the law are to be penalized for making the effort." Dkt. No. 37 at 6.

However, it is clear that "[a]n attorney is not entitled to be paid in a case for the work he or another attorney did in some other case." Barnes, 168 F.3d at 430. Here, it is clear that Plaintiff utilizes the same boilerplate pleadings while making minimal modifications to fit each defendant in a wide array of almost-identical cases. Compare Dkt. Nos. 7, 21, 34 with, e.g., Litowitz Grp., No. 19-CV-61574, at ECF Nos. 1, 32; Radio Rd. Plaza Invs., No. 2:15-CV-630, ECF No. 20.

Mr. Cullen's entries that involve modification of pleadings used in similar cases include: 1.0 hours for "preparation of amended complaint," 4.0 hours for "preparation of MSJ," 2.0 hours for "preparation of proposed final order & e-mail to o/c re: same," and 3.0 hours for "work on fees motion." See Dkt. No. 34-2 at 2-7. Altogether, this totals ten hours. While "the forms obviously

require some changes and additions from one case to the next," for which Mr. Cullen is entitled to recover fees, "it is clear - from the Court's review of the filings in this case and the Court's review of substantially similar filings in prior cases - that the time billed here is excessive." See Caplan v. Rehabclinics (PTA) Inc., No. 19-CV-62890, 2020 WL 3977140, at *5 (S.D. Fla. July 13, 2020); see also Litowitz Grp., No. 19-cv-61574, ECF No. 47 at 6 (reducing Mr. Cullen's hours from 14.5 to 4 hours for preparation of "modified boilerplate pleadings"); Sun Coast Motels, Inc., 2018 WL 6724759, at *1 (reducing Mr. Cullen's hours for preparation of "routine documents that have been filed in almost identical form in other cases" by thirty-five percent); Harty v. Mal-Motels, Inc., No. 6:10-CV-1333-ORL, 2012 WL 6541873, at *6 (M.D. Fla. Nov. 26, 2012) (reducing Mr. Cullen's hours for preparation of a motion which was largely "copied and pasted" from a motion in another case from eight hours to one hour), report and recommendation adopted, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012). The Court reduces the aforementioned entries from ten hours to four hours, which subtracts six hours from Mr. Cullen's total compensable time.

### e. Discovery

Defendant also objects to Mr. Cullen's recovery of fees for the time spent conducting discovery because "no further discovery was needed in this case" after "Defendant made it abundantly clear

17

that it desired to settle this case through its emails and the admissions in its Answer filed on January 20, 2020." Dkt. No. 36 at 11. Plaintiff, on the other hand, points out that after Mr. Cullen sent the email with three settlement options, Defendant "did not accept that proposal, did not make a counter proposal, did not make an offer of judgment, and did not withdraw its mootness defenses"; instead, "Defendant 'proceeded to litigate.'" Dkt. No. 37 at 2-3 (quoting Dkt. No. 36 at 3). Plaintiff maintains that discovery was necessary "both to establish [Defendant's] liability and to destroy its mootness argument." Id. at 3.

The Court agrees that Defendant's failure to accept or propose alternative settlement options in the face of Plaintiff's proposals made it reasonable for Plaintiff to conduct discovery in this case. Plaintiff is therefore entitled to attorney's fees for Mr. Cullen's legal work regarding discovery.

### f. Miscellaneous Objections

Defendant objects to Mr. Cullen's recovery of attorney's fees for the following entries: 0.4 hours for "Review of Ga. local Rules re: pro hac vice appearance" and 0.3 hours for "Preparation of pro hac vice application, etc." Dkt. No. 36 at 9; Dkt. No. 34-2 at 2. Defendant argues that neither Mr. Cullen's client nor Defendant "should have to pay an attorney who is not barred in this state to take the required measures to gain temporary admission." Dkt. No.

18

36 at 9.   The Court agrees that "work done to gain permission to appear *pro hac vice* before this Court . . . [is] not compensable." Sanfilippo v. Astrue, No. 804-CV-2079-T-27MSS, 2007 WL 5159601, at *6 (M.D. Fla. Sept. 10, 2007) (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 973 (D.C. Cir. 2004)), report and recommendation adopted as modified sub nom. Sanfilippo v. Comm'r, 2008 WL 1957836 (M.D. Fla. May 5, 2008), aff'd, No. 08-14203, 2009 WL 1532039 (11th Cir. June 3, 2009).   The Court therefore disallows these 0.7 hours for gaining pro hac vice admission.

Defendant also argues that the following entries regarding the scheduling report are unreasonable because they derive from Mr. Cullen's lack of knowledge of the local rules: 0.5 hours for "review of local rules & forms re: JSR & related documents," 1.0 hours for "preparation of draft JSR & e-mail to o/c re: same," and 0.5 hours for "preparation of revised JSR & e-mail to o/c re: same." Dkt. No. 36 at 10-11; Dkt No. 34-2 at 3.   Defendant contends that this time, totaling two hours, should be reduced to 0.5 hours for preparation of only the *correct* scheduling report.   Dkt. No. 36 at 11.   The Court agrees that "time spent correcting one's own errors [is] not reimbursable," and reduces these entries from two hours to 0.5 hours, subtracting 1.5 hours from Mr. Cullen's compensable time.   Sanfilippo, 2008 WL 1957836, at *2 (citing Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)).

### III. Costs and Expenses

Defendant does not object to any of Plaintiff's claimed costs and expenses, which include $400 for the "Filing Fee," $275.00 for "Service of Process," and $600.00 for "Initial investigation." Dkt. No. 34-2 at 8. This "investigation" fee appears to derive from the attached $600.00 invoice from a "Daniel Pezza" dated July 2, 2019. See Dkt. No. 34-2 at 16.

The filing fee and service of process are clearly reasonable costs in Plaintiff's litigating this case. With the exception of routine overhead office expenses normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation or as an aspect of settlement of the case, may be taxed as costs. NAACP v. City of Evergreen, 812 F.2d 1332, 1337 (11th Cir. 1987). The standard of reasonableness is to be given a liberal interpretation. Id.

However, courts faced with a similar $600.00 "investigation" fee from this same expert—Mr. Pezza—have disallowed or reduced this fee based on Plaintiff's lack of explanation as to Mr. Pezza's hourly rate or the necessity of this type of investigative work. See, e.g., Sun Coast Motels, 2018 WL 6724759, at *2 (reducing Pezza's fee to $300); Litowitz, No. 19-cv-61574, ECF No. 47 at 10 (denying Pezza's fees altogether). Here, Plaintiff attaches Mr. Pezza's resume and invoice, which shows Mr. Pezza spent 3.0 hours

20

at a rate of $200.00 per hour on this case, resulting in a $600.00 fee.  Dkt. No. 34-2 at 15-16.  Mr. Pezza's resume describes him as having been an "ADA Accessibility Initial Investigator" from March 2014 until present, wherein he "[p]erform[s] pre-suit investigations to measure, photograph, document and survey ADA conditions."  Id. at 15.  Plaintiff also attaches Mr. Pezza's investigative report on the Western Motel, which describes in just over three pages how the subject websites do not comply with ADA regulations.  Id. at 11-14.  The Court finds that this $600 "investigation" performed by Mr. Pezza is excessive; all Mr. Pezza did, apparently, was look for information on Defendant's websites and describe whether that information was lacking.  The Court finds that $300.00 is a more reasonable fee for Mr. Pezza's investigation.

## CONCLUSION

For the reasons stated above, Plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses is **GRANTED with modification**.  Defendant is hereby ordered to pay Plaintiff $10,985.00 in attorney's fees, costs, and expenses.  This amount consists of:

- $10,010.00 in fees to Plaintiff's counsel, Mr. Cullen;

- $675.00 in costs; and

- $300.00 in expenses.

21

SO ORDERED, this 25 day of February, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA